IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 13-cv-000087-CMA-MJW

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

    Defendant.

**ORDER DENYING MOTION TO CONSOLIDATE**

This matter is before the Court on the Motion to Consolidate Certain Cases (Doc. # 16) filed by Plaintiff Lehman Brothers Holdings, Inc. ("Lehman") in the above-captioned case (13-cv-00087). Lehman seeks to consolidate Case Nos. 13-cv-00087 through 13-cv-00093. Plaintiff Universal American Mortgage Company, LLC. ("Universal") a filed response (Doc. # 19), and Lehman filed a reply (Doc. # 20). For the following reasons, Lehman's motion to consolidate is DENIED.

**I. BACKGROUND**

Lehman originally filed the cases at issue here as one action in the District Court for the Southern District of Florida ("SDFL") in 2011. (Doc. 16 at 3.) On January 4, 2013, Judge King of SDFL presided over a pre-trial conference to address the parties' cross-motions for summary judgment. (Doc. 16, Ex. 1 at 1.) ("Order Severing Claims")

At the conference, Judge King expressed concern the eight[1] cases lacked sufficient commonality to be adjudicated together and gave counsel an opportunity to be heard on this issue. (Doc. # 16, Ex. 4.) Subsequently, Judge King issued a written order severing the cases, in which he reasoned,

> [E]ach of these loans was made at a different time, to different borrowers, in different locations involving different purchases of different real properties; most fundamentally, each loan requires separate proof as to whether a breach occurred, what damages, if any, flowed from any such breach, and what the amounts of any such damages are.

(Order Severing Claims at 1-2.) Judge King then dismissed the case without prejudice and gave Lehman leave to refile separate cases. (*Id.*) On January 15, 2013, Lehman refiled the complaints in this district, and amended those complaints two days later. (Complete Doc. Rpts. in Case Nos. 13-cv-00087 through -00093.)

In these complaints, Lehman asserts breach of contract claims against Universal pursuant to the parties' loan purchase agreement. The claims allege various misrepresentations[2] in the respective loan applications, misuse of certain loan products, and mishandling of defaulted loans. The claims also implicate different sections of the loan purchase agreement. On March 8, 2013, Lehman moved to consolidate the cases again. (Doc. # 16.)

---

[1] Judge King retained the eighth case, not at issue here, and later dismissed that case for lack of jurisdiction.

[2] For instance, in Case No. 13-cv-00092, Lehman alleges that a borrower misrepresented his or her mortgage debt and that the purchased home would be his or her primary residence. In Case No. 13-cv-00091, Lehman alleges that the borrower misrepresented his or her employment and in Case No. 13-cv-00089, Lehman alleges that the borrower misrepresented his or her income.

## II. LEGAL STANDARD

Fed. R. Civ. P. 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In ruling on a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, No. 09-cv-01717, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010) (unpublished). As the language of Rule 42(a) indicates, a district court has broad discretion to grant or deny a motion to consolidate. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001) ("[I]t is of course within the district court's discretion to consolidate the claims.").

## III. ANALYSIS

The Court has considered but rejects the parties' arguments on the applicability of the law of the case doctrine. The doctrine only applies when a court is dealing with "subsequent stages in the **same case**" or "decisions of a coordinate court in the **same case**." *Christianson v. Cold Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (emphasis added). Judge King dismissed the prior consolidated case and that case no longer exists except as history. Following dismissal, Lehman refiled the separate cases. Therefore, although related, the cases subject to this motion are not the same case as before Judge King, nor is this motion a subsequent stage of that case. *See United States v. Phillips*, 59 F. Supp. 2d 1178, 1188 (D. Utah 1999) (law of the

3

case does not apply where case is dismissed then refiled).  While the law of the case doctrine has no applicability here, the Court will consider the pre-trial conference transcript, which both parties attached to their motions, in rendering this decision.

After reviewing the parties' briefs and considering the history of each case, the Court finds that there are not common questions of law and fact to warrant consolidation of these seven cases.  Judge King, after considering voluminous discovery and cross-motions for summary judgment, previously severed this case. As Judge King found, and as the complaints and hearing transcript demonstrate, these cases involve different questions of law and fact.  Although each loan arises from the same loan purchase agreement, each individual loan concerns different sections of that agreement, which require distinct legal analyses.  The cases involve different brokers, borrowers, property, and loan products, defects, and documentation.  Further, each case may require divergent proof of damages.  Therefore, individual questions of law and fact may well predominate over common ones.  *See Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1573 (D.N.M. 1994) (citing *Henderson v. National R.R. Passenger Corp.,* 118 F.R.D. 440, 441 (N.D.Ill.1987) (declining to consolidate cases where, "[a]lthough certain common issues of fact may exist in both actions, the variety of individual issues predominate.")).

Further, this Court is not persuaded by Lehman's argument that consolidation promotes judicial economy and efficiency.  This argument diminishes the fact that these identical cases were once consolidated, only to be severed after almost two years of discovery and motion practice.  Judicial economy is not served when a court is asked to

revisit a prior ruling without the benefit of the substantial record considered by a prior court.  Under these circumstances, a decision contrary to Judge King's runs the risk that this Court will have to sever the cases again after the case progresses to the summary judgment stage.  Therefore, consolidation is not likely to promote judicial economy.

Lehman also argues that Universal should be estopped from opposing consolidation because it "recently argued before this Court in the Aurora Bank Case in favor of consolidation for the same reasons asserted by [Lehman] here . . . ." (Doc. # 16 at 9.)  "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter . . . assume a contrary position . . . ." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The statements cited by Lehman were made in a motion to transfer, and Universal only referenced its intention to move to consolidate at a later stage.  Moreover, this Court denied that motion, observing that the cases are distinct because they involve different loans, debtors, property, loan documentation, and witnesses.  (Doc. # 25., No. 12-cv-02067-CMA-MJW.)  Universal did not succeed in maintaining its position; therefore, estoppel does not apply.[3]

---

[3]  The Court also notes that Universal makes various arguments regarding impermissible forum shopping.  These arguments are more appropriately addressed in the motion to transfer, which the Court will rule on once that motion becomes ripe.

## IV.  **CONCLUSION**

Accordingly, Lehman's Motion to Consolidate Certain Cases is DENIED.

DATED:  April   17  , 2013

                                       BY THE COURT:

                                       _____
                                       CHRISTINE M. ARGUELLO
                                       United States District Judge