**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 13-cv-00087-CMA-MJW

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

---

This matter is before the Court on Defendant Universal American Mortgage's Motion to Enforce Compliance with Court Order and To Transfer Venue.[1] (Doc. # 12.) Shortly after filing its motion, Defendant filed a supplement with the Court, withdrawing the part of its motion seeking to enforce compliance with a prior court order. (Doc. # 15.) In what remains of Defendant's motion, Defendant requests that this case be transferred to the United States District Court for the Southern District of Florida. For the reasons discussed below, Defendant's motion to transfer is denied.

## I.  BACKGROUND

On or about September 20, 2005, Defendant sold a number of mortgage loans to Lehman Brothers Bank, FSB ("LBB"). (Doc. # 1-1.) The terms of the sale were set forth in a loan purchase agreement, amended by addendum on October 1, 2006 (collectively

---

[1] The Court notes that Defendant's motion, and Plaintiff's response and Defendant's reply to this motion are identical to those filed in 13-cv-00088 and 13-cv-00093.

the "Agreement"), that expressly incorporated additional terms contained in a "Seller's Guide." (*Id.*) After the sale by Defendant to LBB, LBB sold the loans, and assigned all rights and remedies under the Agreement to Plaintiff Lehman Brothers Holdings, Inc. (Doc. # 6 at 5.)

On March 11, 2011, Plaintiff initiated a related action by filing a complaint with the United States District Court for the Southern District of Florida (the "Florida action"). (Doc. # 12-2.) Later, in its Second Amended Complaint filed in the Florida action, Plaintiff alleged eight counts of breach of contract corresponding to eight mortgage loans. (Doc. # 12-4.) On January 9, 2013, upon determining that the eight counts were fundamentally distinct, Judge King of the Southern District of Florida issued an order severing the claims and dismissing them without prejudice. (Doc. # 12-1.) Shortly thereafter, Plaintiff re-filed a number of the now-severed claims as separate cases in the District of Colorado.[2]

The instant case, filed on January 15, 2013, concerns loan number ****0120 (the "Gomez loan"), formerly Count V in the Florida action. (Doc. # 6.) In its Amended Complaint, Plaintiff alleges that Defendant breached representations, warranties, and/or covenants under the Agreement and Seller's Guide arising from the origination and underwriting of the Gomez loan. (Doc. # 6 at 6.)

On February 22, 2013, under the assumption that Judge King's severance and dismissal order (Doc. # 12-1) required Plaintiff to re-file **in the Southern District of Florida**, Defendant filed the instant Motion to "enforce compliance with [the] court order

---

[2] The cases filed in this district are Case Nos. 13-cv-00087 through 00093.

and to transfer venue." (Doc. # 12.)  Shortly thereafter, Judge King issued an order

clarifying that the prior order **did not** require Plaintiff to re-file in that district.  (Doc.

# 15-1.)  Defendant then filed a supplement to its motion, withdrawing "that portion

of the motion which seeks to enforce Judge King's previous order."  Plaintiff filed its

response on April 25, 2013 (Doc. # 22), to which Defendant replied on May 13, 2013

(Doc. # 27).

## II. DISCUSSION

In its motion, Defendant asks that the Court transfer this case to the Southern

District of Florida pursuant to Fed. R. Civ. P. 12(b)(3).  (Doc. # 12 at 2.)  Defendant does

not argue that venue in the District of Colorado is improper, rather, Defendant argues

that the Court should transfer venue because Plaintiff improperly engaged in "blatant

forum-shopping."  (Doc. # 12 at 6.)  Defendant additionally challenges venue in this

district under 28 U.S.C. § 1404.[3]

As an initial matter, the Court agrees with Plaintiff's assertion that the Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Federal district courts have

original jurisdiction over civil actions where (1) the amount in controversy exceeds

$75,000 and (2) the dispute is "between citizens of different States."  28 U.S.C.

§ 1332(a).  In its Amended Complaint, Plaintiff asserts that the amount in controversy

exceeds $75,000, satisfying the first prong of § 1332(a).  (Doc. # 6 at 3.)  The second

---

[3] Defendant's 28 U.S.C. § 1404 argument is raised for the first time in its Reply.  The Court
is not required to consider such an argument; however, in this case, because the Court's
consideration will not prejudice Plaintiff, as it preemptively discussed the argument in its
Response, the Court will address Defendant's argument.  *See Kerber v. Qwest Grp. Life Ins.
Plan*, 727 F. Supp. 2d 1076, 1079 (D. Colo. 2010) *aff'd*, 647 F.3d 950 (10th Cir. 2011) (citing
*S.E.C. v. 4NExchange*, 03-4150, 2005 WL 1518838 (10th Cir. June 28, 2005)) (unpublished).

prong is satisfied because complete diversity of citizenship exists between the parties –

Plaintiff is a Delaware corporation with its principal place of business in New York, New

York, while Defendant's place of formation and principal place of business is Florida.

(*Id.*); 28 U.S.C. § 1332(a).

Additionally, as Plaintiff asserts and Defendant does not dispute, venue is proper

in the District of Colorado pursuant to 28 U.S.C. § 1391.  A civil action may be brought

in a judicial district in which any defendant resides, 28 U.S.C. § 1391(b), and for the

purposes of determining appropriate venue, a corporate defendant is deemed to reside

anywhere it is subject to the Court's personal jurisdiction.  28 U.S.C. § 1391(c)(2).

In the instant case, Defendant's contacts with the State of Colorado – including

maintaining a physical office in Colorado (Doc. # 22-1), and conducting business in

Colorado since 2002 (Doc. # 22 at 5) – are sufficient minimum contacts to subject it to

personal jurisdiction in Colorado.  *See, e.g., Int'l Shoe Co. v. State of Wash., Office of*

*Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945).

## A.    FORUM-SHOPPING

Defendant alleges that Plaintiff engaged in impermissible forum-shopping by

filing this action in the District of Colorado, instead of the Southern District of Florida,

after the Florida action was severed and dismissed without prejudice.  (Doc. # 12.)

To support its allegation, Defendant cites numerous cases that are distinct from the

matter at hand.  *See, e.g., In re Sorrells*, 218 B.R. 580, 587-588 (B.A.P. 10th Cir. 1998)

(The Tenth Circuit Bankruptcy Appellate Panel stated that "[a]llowing a bankruptcy court

of improper venue to decide where a case should be venued would . . . [circumvent the

4

venue statute], thereby promoting forum shopping."); *Clayton v. Warlick*, 232 F.2d 699,

706 (4th Cir. 1956) (the circuit court rejected the plaintiff's attempt to prevent the

transfer of the case to a circuit with less favorable precedent, finding that doing so

would result in impermissible forum-shopping); *Hogan v. Utah Telecomm. Open*

*Infrastructure Agency*, 857 F. Supp. 2d 1185, 1188 (D. Utah 2012) (plaintiff's motion to

stay the proceedings in order to file and litigate duplicative claims in state court would

result in impermissible venue shopping); *Eagle-Picher Indus., Inc. v. Am. Employers Ins.*

*Co.*, 557 F. Supp. 225, 226 (D.D.C. 1983) (the court *sua sponte* transferred the case

after determining that the "sole purpose of . . . [the] action [was] to take advantage of

the unique ruling of the District of Columbia Circuit and, in effect, collaterally to attack

the result [the plaintiff] received in Massachusetts"). Unlike in the cases Defendant

cites, in the instant motion, Defendant wholly fails to elucidate what legal or procedural

benefit Plaintiff seeks to avail itself of by filing this case in this district. Furthermore,

because a choice of law provision in the Agreement dictates that New York law governs

this case, even if there were a more favorable rule of law in Colorado, such law would

not impact the disposition of this case. (Doc. # 6-1.)

Finally, Defendant's allegation that Plaintiff is forum-shopping to "minimize the

potential for" a particular judge to "preside over its newly filed case" is unpersuasive for

two reasons. First, Defendant fails to establish that Plaintiff was motivated to avoid

Judge King, who presided over the Florida action. *See, e.g., In re Fieger,* 1999 WL

717991, No. 97–1359 (6th Cir. Sept. 10, 1999) (unpublished) (plaintiff filed thirteen

duplicate complaints in the same district and then dismissed all but one of them,

admitting that he had done so in order to ensure assignment to his judge of preference);

*Smith v. Mt. Sinai Hospital*, 1985 WL 561, No. 84 Civ. 9111–CSH (S.D.N.Y.  Apr. 22,

1985), aff'd, 857 F.2d 1461 (2d Cir. 1987) (plaintiff moved to voluntarily dismiss the

complaint and later re-filed the same complaint to obtain a different judge after the

plaintiff expressed that she did not want to "deal" with the first assigned judge and

"wanted to get away from" the judge).  Second, as Plaintiff points out, Judge King could

only be reassigned these cases through a blind assignment system.  (Doc. # 12-5 at

67.)  Therefore, there was no guarantee that one or more of the cases now pending

before this Court would have been assigned to Judge King.

**B.     28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), a district court may "transfer any civil action to any

other district where it might have been brought" for the "convenience of the parties and

witnesses, in the interest of justice."[4]  The United States Supreme Court has explained

that § 1404(a) gives "discretion [to] the district court to adjudicate motions for transfer

according to an 'individualized, case-by-case consideration of convenience and

fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*

*v. Barrack*, 376 U.S. 612, 622 (1964)).  In the Tenth Circuit, the moving party must prove

that (1) the action could have been brought in the alternate forum, (2) the current forum

is inconvenient, and (3) the interests of justice are strongly in favor of transfer to the

alternate forum.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515

(10th Cir. 1991) (citing 28 U.S.C. § 1404(a) and *Piper Aircraft Co. v. Reyno*, 454 U.S.

---

[4] The Court notes that neither party disputes that venue in the Southern District of Florida is also proper in this case.

235, 254 (1981)); *see also ROC, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 151

(W.D. Okla. 1979).

In assessing whether parties are inconvenienced and whether the interests of

justice would be best served by a transfer, the Court balances the criteria outlined in

*Chrysler Credit.*  These criteria include, but are not limited to:

> the plaintiff's choice of forum; the accessibility of witnesses and other
> sources of proof, including the availability of compulsory process to
> insure attendance of witnesses; the cost of making the necessary proof;
> questions as to the enforceability of a judgment if one is obtained; relative
> advantages and obstacles to a fair trial; difficulties that may arise from
> congested dockets; the possibility of the existence of questions arising
> in the area of conflict of laws; the advantage of having a local court
> determine questions of local law; and, all other considerations of a
> practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d

145, 147 (10th Cir. 1967)).  The "party moving to transfer a case pursuant

to § 1404(a) bears the burden of establishing that the existing forum is

inconvenient."  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quotation marks

and citation omitted).  "Merely shifting the inconvenience from one side to the other,

however, obviously is not a permissible justification for a change of venue."  *Id*. at 966.

In the instant motion, Defendant argues that, while "as a general proposition, the

convenience of the parties and witnesses must be weighed in assessing transfer under

28 U.S.C. § 1404(a)," it is not appropriate to apply this standard to the case at hand for

two reasons.  First, Defendant baldly asserts that the standard does not apply to this

'atypical' motion because the parties had "already been litigating these same claims

for two years in a different court."  (Doc. # 27 at 3.)  However, Defendant cites to no

authority in support of this proposition and the Court declines Defendant's invitation to depart from established, binding Tenth Circuit precedent.  Instead, where venue is proper, Plaintiff's prerogative to file in the court of its choosing outweighs an assertion that the mutual convenience of the parties is impacted by prior litigation.  *See Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998) (citing *Piper Aircraft Co.*, 454 U.S. at 255).  Second, Defendant states that Plaintiff has failed to provide "any explanation . . . as to why it is now suddenly more convenient for the parties and witnesses to proceed in this district . . . ." (Doc. # 27 at 3-4.)  In so doing, Defendant misconstrues the requirements under 28 U.S.C. § 1404.  The burden under § 1404 is on the moving party – in this case, Defendant – to prove that the alternate forum is more convenient and would better serve the interests of justice, and **not**, as Defendant argues, on the nonmoving party to prove the appropriateness of the *status quo*. *Chrysler Credit Corp.*, 928 F.2d at 1515; *see also Scheidt*, 956 F.2d at 965.  Thus, while the Court is mindful of the unique procedural posture of this case, the Court is not convinced that this fact alone requires the transfer of this case.

The Court next turns to the only *Chrysler Credit* factor directly addressed in Defendant's motion.[5]  Among the factors to consider, substantial weight is given to a plaintiff's choice of forum.  *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010); *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Knapp v. Romer*, 909 F. Supp. 810, 813 (D. Colo. 1995)).  In the

[5] The Court notes that Plaintiff has addressed more than one of the *Chrysler Credit* factors in its Response (Doc. # 22), however because the burden is on Defendant to prove each factor, it is necessary for the Court to evaluate only the factor addressed by Defendant.

instant case, Defendant argues that "Plaintiff's choice of forum for almost two years with respect to the same claims . . . must weigh heavily in the Court's assessment of this motion." (Doc. # 27 at 3.) To support its contention, Defendant cites to cases stating that the "threshold question in a transfer motion is whether the action could have been brought in the district to which transfer is proposed." *Arrow Electronics v. Ducommun Inc.*, 724 F. Supp. 264, 264-66 (S.D.N.Y. 1989); *see also ROC, Inc.*, 481 F. Supp. at 151. Defendant is correct to the extent that the threshold question in a 28 U.S.C. § 1404 motion is whether the proposed transferee venue is proper; however, this is wholly consistent with and in no way contradicts the weight given to Plaintiff's choice of forum. Furthermore, while a related action was initially filed in the Southern District of Florida, the court order dismissing that case left it to Plaintiff's discretion to "re-file or not, and to do so in [the Southern District of Florida] or elsewhere." (Doc. # 15-1 at 2.) Plaintiff chose to re-file "elsewhere" – the District of Colorado – and this decision is afforded substantial weight. *Employers Mut. Cas.*, 618 F.3d at 1168.

Moreover, despite Defendant's bald assertion that "the interests of justice demand that Defendant . . . be permitted to continue defending itself against these same claims in" the Southern District of Florida (Doc. # 27 at 2), shifting the inconvenience from one side to the other is not a permissible basis for a change of venue. *Scheidt*, 956 F.2d at 965. Accordingly, because venue in the District of Colorado is proper, and Defendant has failed to prove that Plaintiff impermissibly forum-shopped or that the convenience of the parties and witnesses, and the interests of justice weigh in favor of transferring this case, the Court denies Defendant's motion.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to

Enforce Compliance with Court Order and To Transfer Venue (Doc. # 12) is DENIED.

DATED:  May __21__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge